

U.S. Department of Justice
*United States Attorney*
*District of New Jersey*

---

*Rahul Agarwal and Robert L. Frazer*
*Assistant United States Attorneys*

*970 Broad Street, Suite 700*
*Newark, New Jersey 07102*

*Direct Dial: (973)297-4395*
*Facsimile: (973) 297-2006*

RA/RLF/PL AGR
2013R01003

August 15, 2014

Michael Pedicini, Esq.
60 Washington Avenue
Morristown, NJ 07960

CR14610(MLC)

Re: Plea Agreement with Dwayne Harper

Dear Mr. Pedicini:

This letter sets forth the plea agreement between your client, Dwayne Harper ("Dwayne Harper"), and the United States Attorney for the District of New Jersey ("this Office"). Should your client wish to accept this agreement, the executed original must be received by this Office no later than close of business on August 29, 2014. If an executed agreement is not returned to this Office by that date, this offer will expire.

Charge

Conditioned on the understandings specified below, this Office will accept a guilty plea from Dwayne Harper to an information, which charges him with conspiracy to provide, obtain, and possess contraband in a correctional facility, in violation of 18 U.S.C. § 371, contrary to 18 U.S.C. §§ 1791(a), (b)(3), and (d)(1)(B). If Dwayne Harper enters a guilty plea and is sentenced on this charge, and otherwise fully complies with all of the terms of this agreement, this Office will not initiate any further criminal charges against Dwayne Harper for conspiring with others to smuggle marijuana and other items to inmates of the Essex County Correctional Facility from in or about November 2013 to in or about May 2014. However, in the event that a guilty plea in this matter is not entered for any reason or the judgment of conviction entered as a result of this guilty plea does not remain in full force and effect, Dwayne Harper agrees that any dismissed charges and any other charges that are not time-barred by the applicable statute of limitations on the date this agreement is signed by Dwayne Harper may be commenced against him, notwithstanding the expiration of the limitations period after Dwayne Harper signs the agreement.

RECEIVED AUG 18 2014

RECEIVED
OCT 20 2014
AT 8:30
WILLIAM T. WALSH CLERK

Sentencing

The violation of 18 U.S.C. § 371 to which Dwayne Harper agrees to plead guilty carries a statutory maximum prison sentence of 5 years and a statutory maximum fine equal to the greatest of: (1) $250,000; (2) twice the gross amount of any pecuniary gain that any persons derived from the offense; or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense. Fines imposed by the sentencing judge may be subject to the payment of interest.

The sentence to be imposed upon Dwayne Harper is within the sole discretion of the sentencing judge, subject to the provisions of the Sentencing Reform Act, 18 U.S.C. §§ 3551-3742, and the sentencing judge's consideration of the United States Sentencing Guidelines. The United States Sentencing Guidelines are advisory, not mandatory. The sentencing judge may impose any reasonable sentence up to and including the statutory maximum term of imprisonment and the maximum statutory fine. This Office cannot and does not make any representation or promise as to what guideline range may be found by the sentencing judge, or as to what sentence Dwayne Harper ultimately will receive.

Further, in addition to imposing any other penalty on Dwayne Harper, the sentencing judge: (1) will order Dwayne Harper to pay an assessment of $100 pursuant to 18 U.S.C. § 3013, which assessment must be paid by the date of sentencing; (2) may order Dwayne Harper to pay restitution pursuant to 18 U.S.C. § 3663 et seq.; and (3) pursuant to 18 U.S.C. § 3583, may require Dwayne Harper to serve a term of supervised release of not more than 3 years, which will begin at the expiration of any term of imprisonment imposed. Should Dwayne Harper be placed on a term of supervised release and subsequently violate any of the conditions of supervised release before the expiration of its term, Dwayne Harper may be sentenced to not more than 2 years' imprisonment in addition to any prison term previously imposed, regardless of the statutory maximum term of imprisonment set forth above and without credit for time previously served on post-release supervision, and may be sentenced to an additional term of supervised release.

Rights of This Office Regarding Sentencing

Except as otherwise provided in this agreement, this Office reserves its right to take any position with respect to the appropriate sentence to be imposed on Dwayne Harper by the sentencing judge, to correct any misstatements relating to the sentencing proceedings, and to provide the sentencing judge and the United States Probation Office all law and information relevant to sentencing, favorable or otherwise. In addition, this Office may inform the sentencing judge and the United States Probation Office of: (1) this agreement; and (2) the full nature and extent of Dwayne Harper's activities and relevant conduct with respect to this case.

## Stipulations

This Office and Dwayne Harper agree to stipulate at sentencing to the statements set forth in the attached Schedule A, which hereby is made a part of this plea agreement. This agreement to stipulate, however, cannot and does not bind the sentencing judge, who may make independent factual findings and may reject any or all of the stipulations entered into by the parties. To the extent that the parties do not stipulate to a particular fact or legal conclusion, each reserves the right to argue the existence of and the effect of any such fact or conclusion upon the sentence. Moreover, this agreement to stipulate on the part of this Office is based on the information and evidence that this Office possesses as of the date of this agreement. Thus, if this Office obtains or receives additional evidence or information prior to sentencing that it determines to be credible and to be materially in conflict with any stipulation in the attached Schedule A, this Office shall not be bound by any such stipulation. A determination that any stipulation is not binding shall not release either this Office or Dwayne Harper from any other portion of this agreement, including any other stipulation. If the sentencing court rejects a stipulation, both parties reserve the right to argue on appeal or at post-sentencing proceedings that the sentencing court was within its discretion and authority to do so. These stipulations do not restrict this Office's right to respond to questions from the Court and to correct misinformation that has been provided to the Court.

## Waiver of Appeal and Post-Sentencing Rights

As set forth in Schedule A, this Office and Dwayne Harper waive certain rights to file an appeal, collateral attack, writ, or motion after sentencing, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255.

## Immigration Consequences

Dwayne Harper understands that, if he is not a citizen of the United States, his guilty plea to the charged offense may result in his being subject to immigration proceedings and removed from the United States by making him deportable, excludable, or inadmissible, or ending his naturalization. Dwayne Harper understands that the immigration consequences of this plea will be imposed in a separate proceeding before the immigration authorities. Dwayne Harper wants and agrees to plead guilty to the charged offense regardless of any immigration consequences of this plea, even if this plea will cause his removal from the United States. Dwayne Harper understands that he is bound by his guilty plea regardless of any immigration consequences of the plea. Accordingly, Dwayne Harper waives any and all challenges to his guilty plea and to his sentence based on any immigration consequences, and agrees not to seek to withdraw his guilty plea, or to file a direct appeal or any kind of collateral attack challenging his guilty plea, conviction, or sentence, based on any immigration consequences of his guilty plea.

3

## Other Provisions

This agreement is limited to the United States Attorney's Office for the District of New Jersey and cannot bind other federal, state, or local authorities. However, this Office will bring this agreement to the attention of other prosecuting offices, if requested to do so.

This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future against Dwayne Harper. This agreement does not prohibit the United States, any agency thereof (including the Internal Revenue Service), or any third party from initiating or prosecuting any civil or administrative proceeding against Dwayne Harper.

## No Other Promises

This agreement constitutes the plea agreement between Dwayne Harper and this Office and supersedes any previous agreements between them. No additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

Very truly yours,

PAUL J. FISHMAN
United States Attorney

By:  Rahul Agarwal
Robert L. Frazer
Assistant U.S. Attorneys

APPROVED:

James B. Nobile
Chief, Special Prosecutions Division

4

I have received this letter from my attorney, Michael Pedicini, Esq. I have read it. My attorney and I have discussed it and all of its provisions, including those addressing the charge, sentencing, stipulations, waiver, and immigration consequences. I understand this letter fully. I hereby accept its terms and conditions and acknowledge that it constitutes the plea agreement between the parties. I understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties. I want to plead guilty pursuant to this plea agreement.

AGREED AND ACCEPTED:


_____         Date: 8/21/2014
Dwayne Harper


I have discussed with my client this plea agreement and all of its provisions, including those addressing the charge, sentencing, stipulations, waiver, and immigration consequences. My client understands this plea agreement fully and wants to plead guilty pursuant to it.


_____         Date: 8/21/14
Michael Pedicini, Esq.
Counsel for Dwayne Harper

5

## Plea Agreement With Dwayne Harper

### Schedule A

1. This Office and Dwayne Harper recognize that the United States Sentencing Guidelines are not binding upon the Court. This Office and Dwayne Harper nevertheless agree to the stipulations set forth herein, and agree that the Court should sentence Dwayne Harper within the Guidelines range that results from the total Guidelines offense level set forth below. This office and Dwayne Harper further agree that neither party will argue for the imposition of a sentence outside the Guidelines range that results from the agreed total Guidelines offense level.

2. The version of the United States Sentencing Guidelines effective November 1, 2013 applies in this case.

3. The applicable guidelines are U.S.S.G. §§ 2X1.1 (Attempt, Solicitation, or Conspiracy) and 2P1.2 (Providing or Possessing Contraband in Prison). Under U.S.S.G. § 2X1.1, the applicable base offense level is the base offense level from the guideline for the substantive offense, plus any adjustments from such guideline for any intended offense conduct that can be established with reasonable certainty. The applicable guideline for the substantive offense is U.S.S.G. § 2P1.2.

4. Because an object of the offense was the distribution of marijuana, and because Dwayne Harper distributed less than 250 grams of marijuana, the base offense level is 6. U.S.S.G. §§ 2P1.2(c)(1)(cross reference requiring Section 2D1.1 to be applied); 2D1.1(c)(17).

5. Specific Offense Characteristic 2D1.1(b)(4) applies because an object of the offense was the distribution of a controlled substance in a correctional facility. This results in an increase of 2 levels. U.S.S.G. § 2D1.1(b)(4).

6. Specific Offense Characteristic 2D1.1(b)(11) applies because the offense involved bribing, or attempting to bribe, a law enforcement officer to facilitate the commission of the offense. This results in an increase of 2 levels. U.S.S.G. § 2D1.1(b)(11).

7. Dwayne Harper was a minor participant in the criminal activity. This results in a decrease of 2 levels. U.S.S.G. § 3B1.2(b).

8. As of the date of this letter, Dwayne Harper has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for the offense charged. Therefore, a downward adjustment of 2 levels for acceptance of responsibility is appropriate if Dwayne Harper's acceptance of responsibility continues through the date of sentencing. U.S.S.G. § 3E1.1(a).

9. In accordance with the above, the parties agree that the total Guidelines offense level applicable to Dwayne Harper is 6 (the "agreed total Guidelines offense level").

10. The parties agree not to seek or argue for any upward or downward departure, adjustment or variance not set forth herein. The parties further agree that a sentence within the Guidelines range that results from the agreed total Guidelines offense level of 6 is reasonable.

11. Dwayne Harper knows that he has and, except as noted below in this paragraph, voluntarily waives, the right to file any appeal, any collateral attack, or any other writ or motion, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255, which challenges the sentence imposed by the sentencing court if that sentence falls within or below the Guidelines range that results from the agreed total Guidelines offense level of 6. This Office will not file any appeal, motion, or writ which challenges the sentence imposed by the sentencing court if that sentence falls within or above the Guidelines range that results from the agreed total Guidelines offense level of 6. The parties reserve any right they may have under 18 U.S.C. § 3742 to appeal the sentencing court's determination of the criminal history category. The provisions of this paragraph are binding on the parties even if the Court employs a Guidelines analysis different from that stipulated to herein. Furthermore, if the sentencing court accepts a stipulation, both parties waive the right to file an appeal, collateral attack, writ, or motion claiming that the sentencing court erred in doing so. None of these provisions, however, shall preclude Dwayne Harper from pursuing, where permitted by law, an appeal, collateral attack, writ, or motion claiming that Dwayne Harper's guilty plea or sentence resulted from constitutionally ineffective assistance of counsel.

12. Both parties reserve the right to oppose or move to dismiss any appeal, collateral attack, writ, or motion barred by the preceding paragraph and to file or to oppose any appeal, collateral attack, writ or motion not barred by the preceding paragraph.